**WHITT v. HARRIS TEETER, INC.**

[359 N.C. 625 (2005)]

WENDY WHITT v. HARRIS TEETER, INC. AND RANDY SHULTZ

No. 416A04

(Filed 1 July 2005)

**Employer and Employee— constructive wrongful discharge—
sexual harassment—public policy—directed verdict for
employer**

The decision by the Court of Appeals that the trial court
erred by granting a directed verdict for defendant employer on a
claim for constructive wrongful discharge in violation of public
policy based upon sexual harassment is reversed for the reasons
stated in the dissenting opinion that (1) a claim of constructive
discharge based upon either a hostile work environment or in
retaliation is not authorized under the public policy exception to
the employee-at-will doctrine, and (2) even if a constructive dis-
charge claim is so authorized, plaintiff presented insufficient evi-
dence on the element of the claim that defendant employer's han-
dling of plaintiff's complaints of sexual harassment amounted to
a deliberate attempted to make her workplace so intolerable that
she would resign.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a
divided panel of the Court of Appeals, 165 N.C. App. 32, 598 S.E.2d
151 (2004), reversing a judgment entered upon a directed verdict on
2 April 2002 by Judge Sanford L. Steelman, Jr. in Superior Court,
Forsyth County. Heard in the Supreme Court 18 May 2005.

*Kennedy, Kennedy, Kennedy and Kennedy, L.L.P., by Harvey L.
Kennedy, Harold L. Kennedy, III, and Annie Brown Kennedy,
for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, by Lucretia D. Guia, and J.
Mark Sampson, for defendant-appellant Harris Teeter, Inc.*

*Patterson Harkavy LLP, by Burton Craige, for North Carolina
Association of Women Attorneys, North Carolina Academy of
Trial Lawyers, Southern States Police Benevolent Association,
Inc., North Carolina Police Benevolent Association, Inc., and
North Carolina Association of Educators; Suzanne Reynolds
for North Carolina Association of Women Attorneys, and
Charles E. Daye for North Carolina Academy of Trial Lawyers,
amici curiae.*

**PITTS v. NASH DAY HOSP., INC.**

[359 N.C. 626 (2005)]

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.

━━━━━━━━

JENNIFER L. PITTS, ADMINISTRATRIX OF THE ESTATE OF FELICIA HOPE LYNCH v. NASH DAY HOSPITAL, INC., ENGLEWOOD OB-GYN ASSOCIATES, P.A., TOMMY R. HARRIS, AND MOSES E. WILSON

No. 22A05

(Filed 1 July 2005)

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 167 N.C. App. 194, 605 S.E.2d 154 (2004), reversing an order allowing defendants' motion for directed verdict entered on 19 December 2002 by Judge Milton F. Fitch, Jr. in Superior Court, Nash County. Heard in the Supreme Court 17 May 2005.

*Rountree & Boyette LLP, by Charles S. Rountree, for plaintiff-appellee.*

*Yates, McLamb & Weyher, L.L.P., by Barry S. Cobb and James T. Newman, Jr., for defendant-appellants Harris, Wilson, and Englewood OB-GYN Associates, P.A.*

*Roberts & Stevens, P.A., by James W. Williams and Anne W. Ford, for North Carolina Association of Defense Attorneys, amicus curiae.*

*Faison & Gillespie, by Mark R. McGrath, for North Carolina Academy of Trial Lawyers, amicus curiae.*

PER CURIAM.

AFFIRMED.